# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY G. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01548-NCC |
| | ) | |
| CITY OF ST. LOUIS METROPOLITAN | ) | |
| POLICE DEPARTMENT et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of self-represented Plaintiff Anthony G. Moore's complaint, Doc. [1]; motion for leave to proceed in forma pauperis ("IFP"), Doc. [2]; and motion for appointment of counsel, Doc. [4]. For the reasons discussed below, the Court grants Plaintiff's IFP motion, denies the motion for appointment of counsel, and dismisses this action without prejudice under 28 U.S.C. § 1915(e)(2).

### Filing Fee

To obtain IFP status, a non-prisoner litigant must file a motion and an affidavit demonstrating their inability to pay. 28 U.S.C. § 1915(a)(1). If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different rules apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner

lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater.  28 U.S.C. § 1915(b)(1).  After this initial payment, the prisoner must make monthly payments equal to 20% of their income until the fee is paid in full.  28 U.S.C. § 1915(b)(2).  The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10.  *Id.*  Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time.  *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

In support of his IFP motion, Plaintiff submits a certified account statement, Doc. [3], that reflects an average deposit of $46.83 for the six-month period preceding his complaint.  Thus, the Court assesses an initial partial filing fee of $9.37, representing 20% of Plaintiff's average deposit over that time.  *See* 28 U.S.C. § 1915(b)(1).

## Legal Standard

Because the Court has granted Plaintiff's IFP motion, his complaint is subject to initial review under 28 U.S.C. § 1915(e)(2).  That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff is an inmate at Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri, Doc. 1. He brings this action under 42 U.S.C. § 1983 against the St. Louis Metropolitan Police Department, Officer Richard Jenkerson, and Officer Michael Weber. *Id.* According to the complaint, on August 7, 2005, Defendant Jenkerson shot

- 3 -

Plaintiff in the shoulder with a firearm, and Defendant Weber struck him in the head with a flashlight while he was restrained on the ground. *Id*. Plaintiff reports physical and emotional harm as a result of Defendants' actions. *Id*. For relief, he seeks "legal representation . . . or further option[s]." *Id*.

## Discussion

Although 42 U.S.C. § 1983 does not contain an express statute of limitations, the Supreme Court has held that such claims are governed by the forum state's statute of limitations for personal injury actions. *See Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the applicable statute of limitations is five years, as set forth in Mo. Rev. Stat. § 516.120(4). *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). This period begins not when the wrongful act occurs, but when the resulting injury is sustained and capable of ascertainment. *Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 577 (Mo. 2006). While the statute of limitations is generally an affirmative defense, a district court may properly dismiss an IFP complaint as frivolous under § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Here, the alleged misconduct occurred 20 years ago. Plaintiff does not claim that he was unable to ascertain the resulting injury at the time. Thus, it is apparent on the face of the complaint that Plaintiff's claims are barred by the statute of limitations. Accordingly, the Court dismisses this action as frivolous under § 1915(e)(2)(B)(i).

**Conclusion**

For the foregoing reasons, the Court grants Plaintiff's IFP motion, denies the motion for appointment of counsel, and dismisses this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial partial filing fee of $9.37 **within thirty (30) days** of the date of this Order.  Plaintiff shall make his remittance payable to "Clerk, United States District Court," and include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, Doc. [4], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of August 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE